STATE of Iowa, Appellee,

v.

Orley Ivan FARNUM, Appellant.

No. 85–1151.

Supreme Court of Iowa.

Dec. 17, 1986.

Eric Borseth of Wright, Wright & Borseth, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Ann DiDonato and Pamela Greenman Dahl, Asst.

Attys. Gen., James A. Smith, Co. Atty., and Nan O. Horvat, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

After a bench trial defendant Orley Ivan Farnum was found guilty on three counts each of sexual abuse in the second degree, administering harmful substances to minors, and dissemination and exhibition of obscene materials to minors in violation of Iowa Code sections 709.3, 708.5 and 728.2 (1983) (all references are to the 1983 Code). He was sentenced to three consecutive indeterminate twenty-five year prison terms for the three sexual abuse convictions, with concurrent penalties on each count for the other convictions. Defendant challenges his convictions and the sentence on four grounds: (1) the trial court's consideration of certain photographs depicting sexual activity; (2) the trial court's refusal to close the courtroom during the victims' testimony; (3) the alleged insufficiency of the evidence to support the convictions; and (4) alleged abuse of sentencing discretion. We find no error or abuse of discretion and affirm.

The evidence disclosed that defendant was living with the mother of two of his victims, a boy eleven years old and his nine year old sister, while a third victim, a niece fourteen years of age, lived nearby. The children testified that over a three year period, usually in the afternoon after school, defendant performed various acts on them which constitute sexual abuse. Additionally, they testified defendant furnished them with marijuana and exhibited to them sexually explicit movies and videotapes. Defendant denied having sexual contacts with the children and denied he had furnished them marijuana or shown them movies and tapes containing explicit sexual content. He admitted, however, that he had used marijuana in their presence and had in his possession sexually explicit films similar in content to those the children testified were shown to them.

## I. *Foundation for Photographs.*

Defendant first contends the trial court erred in admitting into evidence certain photographs which he had objected to alleging insufficient foundation. The twenty-four photographs in question were polaroid-type prints introduced during the testimony of the female victims and a detective from the sheriff's department. The photographs depict a man and the two girls, alone or in combination, partially clothed and in provocative poses or sexual activities. The State contends defendant is the man in the photograph; he contends that foundational fact was not established.

Each girl explained that defendant or one of the female victims, at defendant's direction, took the photographs introduced during the girls' testimony. They identified defendant as the man in the photographs and his male sex organ as that shown in some of the exhibits defendant challenged. Defendant contends this testimony provided insufficient foundation for admission of the photographs, but the record forcefully belies that claim.

Iowa Rule of Evidence 901(a) provides:

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Moreover, the relevancy of photographs ordinarily determines their admissibility. *State v. Allen,* 348 N.W.2d 243, 247 (Iowa 1984); *State v. Coburn,* 315 N.W.2d 742, 746 (Iowa 1982). When photographs purport to show the scene of a crime, these foundational elements are satisfied by testimony of a person who observed what is depicted and states the photographs fairly represent what they show. *State v. Holderness,* 293 N.W.2d 226, 230 (Iowa 1980); *State v. Deering,* 291 N.W.2d 38, 40 (Iowa 1980); Iowa R.Evid. 901(b)(1), (4). Recognizing that "a photograph is merely a pictorial communication made by a qualified wit-

ness and is competent evidence of anything that witness could verbally describe", *State v. Dillon,* 161 N.W.2d 738, 741 (Iowa 1968), we hold that the photographs admitted during the testimony of the two girls "merely embellished the verbal picture of the events already provided by the testimony of the victim." *State v. Munz,* 355 N.W.2d 576, 580 (Iowa 1984).

Defendant also challenges the foundation supporting five photographs admitted into evidence during the testimony of a detective. Although the detective was not, like the girl victims, a direct witness to the depicted activities, he had observed the defendant's bedroom where other photographs were taken and testified that the decor of the room pictured in some of the photographs was that of the defendant's bedroom. Moreover, the five photographs in question were graphically similar to the many photographs properly admitted during the victims' testimony.

The Iowa rules of evidence specifically provide that authentication or identification of evidence, such as photographs, can be established in several ways, two of which are:

> Comparison by the trier of fact or by expert witnesses with specimens which have been authenticated.
>
> ....
>
> Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.

Iowa R.Evid. 901(b)(3), (4). The detective's testimony about the decor of the room, together with the photographs authenticated by the victims, satisfied the foundational requirements for admissibility of the five photographs admitted during the detective's testimony.

We are also satisfied that defendant was not unfairly prejudiced by admission of these five photographs. *See State v. Freeman,* 297 N.W.2d 363, 367 (Iowa 1980). This case was a bench trial, with jury waived. The trial court, as the trier of fact, was also the person preliminarily required to determine the admissibility of the

photographs. *See* Iowa R.Evid. 104(a). While our rules of evidence are applicable both to bench and jury trials (Iowa R.Evid. 1101), there is less need for strict application of evidence rules in a bench trial. *See* I J. Wigmore, *Evidence* § 4d.1, at 212–30 (1983); E. Cleary, *McCormick's Handbook of the Law of Evidence* § 60, at 137–38 (2d ed. 1972); 89 C.J.S. *Trial* § 589 (1955 & Supp.); *Dowling v. Jones-Logan Co.,* 123 Ga.App. 380, 382, 181 S.E.2d 75, 77 (1971); *Pike v. Pike,* 609 S.W.2d 397, 403 (Mo. 1980); *Styron v. Loman-Garrett Supply Co.,* 6 N.C.App. 675, 679, 171 S.E.2d 41, 43–44 (1969); *Del Porto v. Nicolo,* 27 Utah 2d 286, 288, 495 P.2d 811, 814 (1972).

We leave to the sound discretion of the trial court the determination whether sufficient foundation has been laid for admission of photographs. *Holderness,* 293 N.W.2d at 230. Admission of the photographs in this case did not deprive defendant of a fair trial.

## II. *Motion for Closed Trial.*

■ Defendant assigns error to the trial court's refusal to sustain his motion for a closed trial. The record shows the motion was made on the second day of the male victim's testimony, when defendant asked the court to exclude from the courtroom "any person not a party to or an attorney for a witness" on the ground that "people from the hospital and from the child protective treatment office ... have been assisting [the boy victim] in preparing him for the courtroom and his testimony." Defendant's counsel further stated:

> From my observation yesterday during [his] direct examination he kept referring back to the people in the back of the room that had been assisting him all along in preparation for this hearing and gaining support from them through their presence. When he was finished with his testimony he went back to a crowd of people slapping him on the back and saying what a great job he did. I just think it is prejudicial to any testimony that may be elicited from him during cross-examination.

The court overruled the motion, stating that it

had an opportunity while in the courtroom to observe the atmosphere present in the courtroom. The court has not seen any indication that this witness has been coached or is being coached during his testimony and there is no indication that anyone in the courtroom is attempting to communicate with the witness during the course of his testimony, either verbally or nonverbally or through use of signals. And therefore, there does not appear to be any prejudice to the defendant by allowing the public to observe this trial. Unless something occurs that changes my mind, the trial will remain open until it is completed.

The thrust of defendant's complaint was that the boy victim had changed his testimony somewhat between the time of his discovery deposition and his testimony at trial, and defendant was concerned about the presence in the courtroom of several persons who had helped prepare this child witness for testifying at trial. The issue was one of credibility of this witness, a matter reserved for the trier of fact. *State v. Myers*, 382 N.W.2d 91, 97 (Iowa 1986). Alerted to the possibility of spectator coaching of the witness, the trial court observed none and found no good cause to restrict public access to the proceedings. We leave such determinations to the trial court's sound discretion. *See State v. Hackett*, 197 N.W.2d 569, 573 (Iowa 1972).

Closed proceedings are rare and are granted "only for cause shown that outweighs the value of openness." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509, 104 S.Ct. 819, 824, 78 L.Ed.2d 629, 638 (1984); *see State v. Lawrence*, 167 N.W.2d 912, 915 (Iowa 1969). Absent an overriding interest, the trial of a criminal case must be open to the public. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 581, 100 S.Ct. 2814, 2829–30, 65 L.Ed.2d 973, 992 (1980). The justification for denying access to a trial must be a weighty one. *Waller v. Georgia*, 467 U.S. 39, 45, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31, 38 (1984); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248, 257 (1982).

The trial court did not abuse its discretion in denying defendant's motion to exclude spectators from the courtroom and close the trial.

### III. *Sufficiency of the Evidence.*

Defendant asserts there was insufficient evidence in the record to support his convictions for the several crimes charged. A defendant is not entitled to a directed verdict of acquittal unless there is no substantial evidence in the record to support it or such finding is clearly against the weight of the evidence. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). Substantial evidence is "such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt." *State v. Hoffer*, 383 N.W.2d 543, 545 (Iowa 1986).

■ A. *Sexual Abuse in the Second Degree.* Defendant argues that the evidence of second-degree sexual abuse was insufficient since "[t]aken as a whole, the children's testimony is not believable, and at best, contrived by the investigators." The question, however, is not whether the witnesses were credible but whether the evidence, taken as a whole, was sufficient to support the convictions. This record is replete with evidence that defendant committed acts constituting second-degree sexual abuse on each of the three children. Iowa Code section 709.3(2) defines sexual abuse in the second degree, in part, as committed "when the person commits sexual abuse ... [and] [t]he other participant is under the age of twelve." The victims each testified that while they were under twelve years of age defendant repeatedly performed on them acts which constitute sexual abuse. That testimony was well corroborated. A clinical child psychologist treating the male victim for depression and suicidal ideation testified to her belief in the validity of the boy's claim. Medical examinations performed on the girls confirmed that one suffered from recent vagi-

nal injury consistent with sexual abuse and the other had the genitals of a "sexually active female." Sexual paraphernalia described by the children was seized from defendant's bedroom, identified as belonging to defendant, and admitted in evidence. Each girl identified and explained photographs depicting sexual acts and testified about sexual acts defendant had committed on them.

The children's direct testimony, bolstered by the ample corroborative evidence in the record, constituted substantial evidence to support the defendant's three convictions for sexual abuse in the second degree.

■ B. *Administering Harmful Substances.* Iowa Code section 708.5 provides:

> Any person who administers to another or causes another to take, without the other person's consent or by threat or deception, and for other than medicinal purposes, any poisonous, stupefying, stimulating, depressing, tranquilizing, narcotic, hypnotic, hallucinating, or anesthetic substance in sufficient quantity to have such effect, commits a class "D" felony.

The three children testified that when defendant had been alone with them he routinely had them smoke marijuana. One of the girls stated that defendant also gave her white "stuff you put up your nose" which she thought was cocaine. The children described in various ways the effect of the marijuana given them by defendant. One described feeling "funny" after smoking the marijuana, that it made "everything go fast" and that she thought she was dying because her heart "felt like it wanted to jump out," another said it made him "dizzy," while the third child likened the funny feeling to "dancing bugs in [her] head." A lock box containing what defendant admits is his marijuana, cocaine and drug paraphernalia was seized from his home and admitted into evidence.

In urging that his three convictions for administering harmful substances should be reversed, defendant maintains that the record contains no evidence of the effect of the marijuana on the children other than their direct testimony. That evidence, he argues, is not substantial enough to demonstrate the drug was administered "in sufficient quantity to have such effect" as required by statute. In this case of first impression concerning the evidence sufficient to support a conviction under section 708.5, we hold that the testimony of these victims, though couched in lay terms, satisfied the statute's requirements. The trial court as finder of fact could reasonably conclude beyond a reasonable doubt that the marijuana defendant gave these children had a "stupefying, stimulating, depressing, tranquilizing, narcotic, hypnotic, hallucinating or anesthetic" effect on them.

■ C. *Dissemination and exhibition of obscene material to minors.* The children testified that defendant exhibited to them, with a projector, sexually explicit movies. Two of the victims stated that defendant also showed them pornographic video cassette tapes. A movie projector and numerous pornographic movies and videotapes were seized from defendant's residence after his arrest, and the girl victims gave detailed testimony describing how defendant displayed the movies to them on the bathroom wall.

Iowa Code section 728.2 provides:

> Any person, other than the parent or guardian of the minor, who knowingly disseminates or exhibits obscene material to a minor, including the exhibition of obscene material so that it can be observed by a minor on or off the premises where it is displayed, is guilty of a public offense and shall upon conviction be guilty of a serious misdemeanor.

The evidence in this record solidly supports defendant's convictions for this offense. Although defendant challenges the credibility of the minor victims on this issue and contends the children knew where the explicit video cassette tapes were stored and knew how to operate the machine which displayed them, the trial court could find credible their testimony that defendant disseminated and displayed much of this material to them. Defendant does not contend

this material was not obscene or that the statute was in any way unconstitutional.

Sufficient evidence in this record supported the trial court's conclusions that defendant was guilty beyond a reasonable doubt of each of the crimes with which he was charged.

### IV. *Improper Sentencing.*

■ Defendant's final contention is that his sentence of three consecutive indeterminate twenty-five year prison terms for the sexual abuse convictions was based on passion and prejudice. He charges that the trial court, in choosing among sentencing options, considered only one factor—the nature of the crime itself—thereby ignoring expert testimony regarding the psychological effect of sexual abuse on children. Arguing that a pedophile suffers from a disease comparable to alcoholism, defendant asserts that the trial court did not select the sentencing alternative which would best rehabilitate him by treating his disease. Defendant also questions the fairness of his sentence on the ground that if he had been convicted of voluntary manslaughter his maximum sentence would have been considerably lighter. *See* Iowa Code §§ 707.4, 902.9 (voluntary manslaughter, a class "C" felony, punishable by confinement "for no more than 10 years").

Defendant was convicted of three class "B" felonies, the sexual abuse crimes. *See* Iowa Code § 709.3. The maximum sentence for any person convicted of a class "B" felony is confinement for no more than twenty-five years. Iowa Code § 902.9. The trial court had the discretion to select a sentencing combination that would "provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. One of those options included pronouncing "judgment and impos[ing] a fine or sentenc[ing] the defendant to confinement ..." Iowa Code § 901.5(3). An explanation for the sentence chosen is required: "The court shall state on the record its reason for selecting the particu-

lar sentence." Iowa R.Crim.P. 22(3)(d). Moreover, if a defendant is convicted on several counts "and each count is for a separate and distinct offense, a separate sentence may be pronounced on each count, and the court may pronounce separate and distinct sentences which are cumulative, and are to run consecutively." *State v. Criswell,* 242 N.W.2d 259, 260 (Iowa 1976) (emphasis omitted) (citing 24 C.J.S. *Criminal Law* § 1567(3), at 424–28); Iowa Code § 901.8.

A sentence within the statutory limits—even if it is the most severe sentencing alternative—will be set aside only for an abuse of discretion. *State v. Nelson,* 279 N.W.2d 1, 3 (Iowa 1979); *see State v. Dvorsky,* 322 N.W.2d 62, 67 (Iowa 1982); *State v. Gibb,* 303 N.W.2d 673, 687 (Iowa 1981). An abuse of discretion exists where the defendant demonstrates that the court's discretion was "exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Pappas,* 337 N.W.2d 490, 493 (Iowa 1983) (quoting *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982)).

We have stated that the sentencing court must consider the "minimal essential factors" outlined in Iowa Code section 907.5 and may not reach its sentencing decision by an examination of only a single sentencing factor. *State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979); *see Morrison,* 323 N.W.2d at 256. The trial court in this case complied with the letter and the spirit of that requirement. In an opinion fairly characterized as clear and exhaustive, the trial court enumerated the factors on which it selected this sentence:

> Let the record reflect that the Court has, in fact, considered the factors set forth in Code of Iowa Section 907.5. That the Court has considered the age of the defendant. The Court has considered the defendant's prior record of convictions as set forth in the presentence investigation. The Court has considered the prior record of deferments, judgments, if any. The Court has considered the defendant's employment cir-

cumstances as set forth in the evidence at trial and the presentence investigation. The Court has considered the defendant's family circumstances, again as set forth in the evidence at trial and the presentence investigation. In addition, the Court has considered the nature of the offense committed. That is ably documented in the evidence presented at trial. It is further documented by the Findings of Fact and Conclusions of Law issued by the Court in April. The Court incorporates those findings by reference in this sentencing order.

907.5 allows the Court to consider other factors which are appropriate. In that regard, the Court has considered the impact that these crimes have had on these victims. The impact is set forth again in the evidence and in the presentence investigation. Incorporating the Findings of Fact and Conclusions of Law concerning the nature of the offense and the impact on your victims, Mr. Farnum, the Court specifically rejects the notion that these crimes are not abhorrent. They are abhorrent. And the nature of your offense is extremely aggravated and the impact that you have had on your victims is devastating and long lasting and it is not to be ignored by you or by the Court. The Court has considered that in determining what sentence to order.

The record should reflect the fact that the Court has, in fact, examined the presentence investigation and given full consideration to the statements contained therein. The Court has heard the evidence and arguments of counsel at the sentencing hearing today and has considered that evidence.

In considering each of the foregoing factors, the Court finds that granting a concurrent sentence in this matter would be inappropriate. The Court finds that granting a concurrent sentence in this matter would unduly depreciate the seriousness of this offense. A concurrent sentence is unwarranted in order to protect the public from further criminal activity by the defendant and the defendant is in need of correctional treatment which would most effectively be provided by total and prolonged confinement, and that is the consideration and judgment of the Court in this matter.

It is hoped that the following sentence will provide for you a vehicle for rehabilitation. I think that it will. That is a factor that the Court has considered. The Court, I think in a criminal case, should focus the concept of deterrence on the individual defendant, but under 901.5 the Court is allowed to consider the impact this sentence will have on others, and as a byproduct of this sentence it is hoped that the Court sends a message to you, Mr. Farnum, and to others that this is not conduct tolerated by our society, and I hope you understand that, sir.

While the court's remarks might suggest, if taken out of context, that the nature of the crime alone led it to select the sentence that it did, our reading of the court's entire statement discloses a thorough and sound sentencing determination. *See State v. Wagner*, 359 N.W.2d 487, 490 (Iowa 1984).

Defendant's expert witness, a psychologist, distinguished between rape and child sexual abuse, explaining that generally a perpetrator of rape views the crime as a violent act while a child sex abuser may feel his action to be a "loving, caring act." He expressed the belief that defendant's rehabilitation would best be achieved through a "program of psychotherapy treatment" rather than incarceration and opined that parental sex abuse would have more of a detrimental impact on a child than would the abuse at issue here. Defendant seemingly maintains that the court had no choice but to accept the expert's assessment of the situation. The court as trier of fact, however, "is not obliged to accept opinion evidence, even from experts, as conclusive." *State v. Gilmore*, 259 N.W.2d 846, 860 (Iowa 1977); *see Myers*, 382 N.W.2d at 97. The trial court was free to accept or disregard evidence according to its own evaluation of credibility.

There is no merit in defendant's final assertion that his sentence was unfair

because a harsher sentence is authorized for second-degree sexual abuse than for voluntary manslaughter. Well within the statutory limits of the trial court's discretion, defendant's sentence was sound and clearly understandable.

AFFIRMED.