# IN THE COURT OF APPEALS OF IOWA

No. 15-1075
Filed June 15, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CEDRICK WILLINGHAM,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.


　　　　Cedrick Willingham appeals from the sentence imposed upon his plea of guilty to delivery of marijuana.  **AFFIRMED.**


　　　　Lauren M. Phelps, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


　　　　Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Cedrick Willingham appeals from the sentence imposed by the district court on his guilty plea to delivery of marijuana, a class D felony, and his stipulation to violating probation on a prior delivery conviction. *See* Iowa Code § 124.401(1)(d) (2013). He contends the district court abused its discretion by rejecting his request for a suspended sentence with probation because the court did not consider the nature of the offense and placed undue weight on his criminal history. The record does not support Willingham's claims.

The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). This court reviews sentencing decisions for an "abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2016). During sentencing the court considers numerous factors such as "the nature of the offense, the attending circumstances, the defendant's age, character, propensities and chances of his [or her] reform." *Id.* at 216; *see also* Iowa Code § 901.5. The sentencing court considers similar factors in determining whether or not to suspend a sentence or defer a judgment or sentence in correlation with probation. Iowa Code § 907.5(1)(a)-(g). The court's sentence may not be determined upon a "fixed sentencing policy" based on a single circumstance. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979); *see also State v. Farnum*, 397 N.W.2d 744, 749

(Iowa 1986).  Moreover, the sentencing court must state on the record its reason for selecting a particular sentence.  Iowa R. Civ. P. 2.23(3)(d).

Here, the sentencing court considered pertinent factors when making its decision, including the nature of the violations, Willingham's criminal history, and that Willingham was deemed an inappropriate candidate for a residential treatment facility.  Willingham was twice previously convicted of drug-related felony-level offenses and has a lengthy criminal history involving driving violations and alcohol and drug offenses.  He was on probation for the same offense when the current offense took place in May 2014.  The district court specifically noted that although "some of the things [Willingham is] doing are positive"—like maintaining a job and a relationship with his children—the sentence would "serve the purposes of rehabilitation and deterrence."  The court additionally stated the sentence would assist in Willingham's own reform and rehabilitation "because of [his] age, because of [his] previous failure on supervision . . . [and] because of [his] criminal history."

Willingham asserts the sentencing court "should have given weight to the fact that the nature of the offense was the sale of marijuana, not cocaine or other more serious substances."  He points out that a number of states have legalized marijuana for medical use.[1]  He acknowledges, however, the sale and use of marijuana remains illegal in Iowa.  He also argues that he was employed, supporting his family, and working on his GED.[2]  The imposition of a prison sentence meant a loss of employment and would prevent him from supporting his

---

[1] We note Willingham did not plead guilty to the use of marijuana but to delivery of marijuana.

[2] General Education Degree, a high school equivalency diploma.

family.  But clearly the probation was not successful, as observed by the district court, because Willingham repeated the offense for which he was placed on probation. Under such circumstances, there could be little benefit gained, if any, by again granting probation for his new offense.

The district court clearly considered relevant factors before imposing a sentence within the statutory limits.  We find no abuse of discretion.

**AFFIRMED.**