# IN THE COURT OF APPEALS OF IOWA

No. 19-1043
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRIAN JACOB COREY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.

Brian Corey appeals his prison sentence. **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Brian Corey pled guilty to possessing marijuana, third offense, a class "D" felony, as well as delivery of methamphetamine, a class "C" felony. On appeal, Corey argues the sentencing court abused its discretion by ordering consecutive prison terms instead of probation. We affirm.

We review sentencing challenges "for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). We bear in mind that "[t]he district court's sentence is cloaked with a strong presumption in its favor." *State v. Goad*, No.17-1057, 2018 WL 2084834, at *1 (Iowa Ct. App. May 2, 2018) (citing *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). And "[w]e afford [a] strong presumption of regularity to the sentencing court due to the great confidence we place in our judges to exercise their discretion appropriately." *Id.* (citing *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998)). We will find an abuse of discretion only "when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Hopkins*, 860 N.W.2d at 553 (citation omitted).

Corey claims the sentencing court failed to consider his testimony concerning mitigating factors such as his attendance at treatment, his acceptance into college, his employment and business opportunities, his lengthy period of sobriety, and his mental-health struggles. We disagree. Rather, the record shows the court considered Corey's testimony but did not find him believable. We decline to second guess the sentencing court's credibility evaluations. *State v. Farnum*, 397 N.W.2d 744, 750 (Iowa 1986) ("The trial court was free to accept or disregard evidence according to its own evaluation of credibility.").

Moreover, the record shows the sentencing court specifically considered Corey's age, intelligence, ambition, likelihood of success on probation, and pro-social activities ("assistance you've provided").  Additionally, the court specifically considered the presentence investigation report, which contained extensive mitigating information—and even recommended probation.  So we find "no merit" in Corey's "contention that the court failed to give adequate consideration to the mitigating circumstances of the case."  *State v. Witham*, 583 N.W.2d 677, 679 (Iowa 1998).

The sentencing court properly exercised its discretion.  We affirm.

**AFFIRMED.**