# IN THE COURT OF APPEALS OF IOWA

No. 22-0387
Filed June 21, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CEAGAN ALEXANDER JANSSENS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David Porter, Judge.


        A defendant appeals the sentence imposed upon his conviction for attempted murder committed when he was a juvenile.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BADDING, Judge.**

One month before he turned sixteen, Ceagan Janssens fired a gun into a group of people. He shot one person in the face and another in the leg. Both survived. Janssens was charged in a delinquency petition with two counts of attempt to commit murder, intimidation with a dangerous weapon, and conspiracy to commit a forcible felony. The juvenile court waived him to district court for prosecution as a youthful offender. *See* Iowa Code § 232.45(7) (2020).

In December 2020, Janssens pled guilty as a youthful offender to one count of attempt to commit murder. The court transferred his supervision to the juvenile court for disposition. *See id.* § 907.3A(1). Janssens was placed at the state training school, where he "had a number of behavioral problems (interspersed with some periods of 'good' behavior)." Because of these problems, the juvenile court terminated its dispositional order and returned Janssens to the supervision of the district court. *See id.* § 232.54(1)(h)(1). Janssens was placed at a county juvenile detention center for a few months. But while there, the center's administrator reported that Janssens "was completely disrespectful and very assaultive" to "several staff and other kids." So, pending his sentencing, Janssens was transferred to jail.

Before his sentencing hearing in December 2021, the court ordered a presentence investigation report and granted Janssens's request for evaluation by a forensic psychologist due to the State's intent to seek a mandatory minimum sentence. *See State v. Majors*, 940 N.W.2d 372, 386 (Iowa 2020) (stating the "sentencing court must consider the *Miller/Lyle/Roby* factors in an individualized sentencing hearing if it is contemplating imposing a mandatory minimum sentence

on a juvenile offender"); *see also Miller v. Alabama*, 567 U.S. 460, 477 (2012) (identifying the "hallmark features" of youth); *State v. Roby*, 897 N.W.2d 127, 144 (Iowa 2017) (endorsing the five factors in *Miller* "as guideposts for courts to follow"); *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014) (adopting the *Miller* factors for resentencing of juvenile offenders subject to mandatory minimums).

The presentence investigation report recommended incarceration. The evaluation completed by Janssens's expert witness—forensic psychologist Dr. Tracy Thomas—recommended a "structured, supervised environment" for Janssens, but not prison. Instead, Dr. Thomas thought Janssens's needs could be met at a residential facility called Adult and Teen Challenge, which offered many of the services he needed "at a developmentally-appropriate level."

At Janssens's sentencing hearings, Dr. Thomas outlined the information she considered in preparing her report, which included Janssens's history of unsuccessful residential placements while a juvenile; the tests she performed; and her analysis of the *Miller* factors. After doing so, Dr. Thomas concluded that

> based on his history and the conduct he continued to engage in after these charges, he needs to be in that secure, structured environment to protect . . . community safety and to make sure that he does do the treatment. But I do think there's a potential for change in Mr. Janssens.

At the conclusion of the hearings, the State asked for incarceration with "several years of mandatory minimum before he'd be eligible for parole." The defense, in turn, asked for a deferred judgment and probation, with evaluation for the Adult and Teen Challenge program. After taking the matter under advisement, the court sentenced Janssens to an indeterminate term of imprisonment not to exceed twenty-five years with no mandatory minimum.

Janssens appeals, claiming his sentence "was an abuse of discretion for its disregard of the forensic psychologist's recommendations." *See Majors*, 940 N.W.2d at 385 ("If the sentence imposed is within the statutory limits, as it is here, we review for an abuse of discretion."). But the court extensively discussed those recommendations, along with the expert's analysis of the *Miller* factors. The court accepted Dr. Thomas's findings as they related to Janssens's age and level of immaturity; his family home environment; the circumstances of the offense; and the incapacities of youth. The only factor where the court parted ways with Dr. Thomas was Janssens's potential for rehabilitation.

On that issue, the court explained:

> The Court accepts, in part, and rejects, in part, Dr. Thomas' findings as they relate to Mr. Janssens' potential for rehabilitation. Although Dr. Thomas believes Mr. Janssens' needs should be addressed in a highly structured and supervised environment, Dr. Thomas concluded that an adult prison would not be ideal in terms of targeting Mr. Janssens' specific rehabilitative needs.
> The difficulty for Mr. Janssens is that he has exhausted all viable treatment and placement options specifically targeted for juveniles. Both Dr. Thomas and counsel for defendant contend placement at Teen Challenge of the Midlands would be appropriate for Mr. Janssens.
> Although this program is, indeed, structured in terms of addressing rehabilitative needs, as the State correctly noted, it is not capable of providing the type of supervision necessary to protect the community.
> Without that supervision, the Court is firmly convinced Mr. Janssens will return to past patterns of negative behavior; therefore, incarceration is the only viable option in that it meets the twin goals of addressing the offender's rehabilitative needs while also protecting the community.

The record does not support Janssens's contention that the court "arbitrarily reject[ed] the testimony of the expert." The court thoroughly explained why it rejected Dr. Thomas's recommendation for Janssens's placement, following

extended sentencing hearings at which the court asked probing questions of the attorneys and Dr. Thomas. *Cf. State v. Cruz*, No. 20-1625, 2021 WL 5106448, at *7 (Iowa Ct. App. Nov. 3, 2021) (vacating juvenile offender's sentences and remanding for resentencing where the court "failed to give sufficient (any) weight to the expert opinion" and "failed to rebut or even acknowledge the expert opinion); *see also State v. Farnum*, 397 N.W.2d 750, 751 (Iowa 1986) ("The court as trier of fact, however, 'is not obliged to accept opinion evidence, even from experts, as conclusive." (citation omitted)).

Janssens also implies that the court wrongly "blended the use of the *Miller* factors into the reasons for denying parole." But once the court declined to

> impose a minimum period of incarceration without parole, the *Miller/Lyle* factors remain relevant in considering the remaining sentencing options, along with all other mitigating and aggravating circumstances. Yet the court is not required to specifically examine and apply each factor on the record at this point but considers all relevant factors in exercising its discretion to select the proper sentence.

*State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018).

Our review of the record shows the court followed the outlined sentencing procedure by conducting individualized hearings for Janssens, applied the appropriate factors, and imposed a sentence authorized by statute and supported by the evidence. *See Majors*, 940 N.W.2d at 387 ("But if the court follows our outlined sentencing procedure by conducting an individualized hearing, applies the *Miller/Lyle/Roby* factors, and imposes a sentence authorized by statute and supported by the evidence, then we affirm the sentence."). We find no abuse of discretion and affirm Janssens's sentence.

**AFFIRMED.**