# IN THE COURT OF APPEALS OF IOWA

––––––––––––

No. 24-1702
Filed March 11, 2026

––––––––––––

**State of Iowa,**
Plaintiff–Appellee,
v.
**Scott Chase Barnum,**
Defendant–Appellant.

––––––––––––

Appeal from the Iowa District Court for Lee (North) County,
The Honorable Joshua P. Schier, Judge.

––––––––––––

**AFFIRMED**

––––––––––––

Kent A. Simmons, Bettendorf, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, attorneys for appellee.

––––––––––––

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Scott Barnum appeals from his discretionary sentence following a guilty plea to performing sex acts on a fifteen-year-old girl. He challenges whether the court properly considered his statements regarding his knowledge of the victim's age and whether the court was required to accept his expert's testimony at face value. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In an oral plea colloquy, Barnum admitted that, in October 2021, he performed sex acts on a minor victim while she was fifteen years old and he was fifty-two. He agreed the court could look to the minutes of testimony for a factual basis. And he ultimately pled guilty to one count of sexual abuse in the third degree, a class "C" felony in violation of Iowa Code section 709.4(1)(b)(2)(d)[1] and 709.4(2) (2021). The State dismissed a second count of sexual abuse in the third degree, and the parties agreed to open sentencing.

Before sentencing, Barnum told the pre-sentence investigator that he met the victim on an adult website and believed she was eighteen until he "began talking sexual to the victim and learned at some point she was fifteen years old." He said they then met in a park where they had intercourse.

At sentencing, Barnum presented testimony from a forensic psychologist, Dr. Christina Pietz. Pietz interviewed Barnum and reviewed

---

[1] The State's trial information and the district court's judgment erroneously list the code section as 709.4(1)(b)(3)(d). But Iowa Code section 709.4(1)(b) was amended in July 2021, moving the charged offense to section 709.4(1)(b)(2)(d) without substantive change relevant here. The correct subsection is listed in other portions of the record, and the elements Barnum pled guilty to matched section 709.4(1)(b)(2)(d). Neither party raises the numbering as an issue on appeal, and we discern no prejudice to Barnum, so we take no action on this clerical error.

court records, including the minutes of testimony, before testifying. She discussed her assessment of Barnum's risk of recidivism and said that he appeared to be "extremely remorseful" and "extremely embarrassed" when speaking with her. She opined, based on actuarial instruments, that Barnum was at a "low" or "below average" risk of re-offense compared to a population of other known offenders.

On cross-examination, the assistant county attorney questioned Pietz about Barnum's remorse. For example, he asked Pietz to compare Barnum's statement he "didn't know [the victim's] age" to another of Barnum's statements, that "the police showed [him] that she said [she was] fifteen." Both of these statements were direct quotes from Barnum and appear in Pietz's report, which Barnum filed to the district court docket. Pietz also independently confirmed that Barnum said "twice that he thought [the victim] was fifteen." And Pietz confirmed that the minutes of testimony reflected the victim telling Barnum she was fifteen, which she considered when rendering her opinion.

Through counsel, Barnum requested a deferred judgment, emphasizing his age and perceived prospects of success on probation. The presentence investigation report (PSI) writer recommended a suspended sentence and probation. And the State requested incarceration based on the harm to the victim, Barnum's culpability, and Barnum's minimization or failure to accept responsibility.

The court sentenced Barnum to prison. It acknowledged his age, lack of criminal history, family supports, attempts to treat his mental health, and Pietz's testimony and risk assessment. It emphasized Barnum's inconsistent statements regarding whether he knew the victim's age, indicating the court believed the statements reflected a failure to accept responsibility. And it

considered the nature of the offense, the harm to the victim, and the need to protect the community. Barnum appeals.

## STANDARD OF REVIEW

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable reasons. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

## DISCUSSION

Barnum advances two claims: a challenge concerning whether his lack of remorse (as evidenced by inconsistent statements about knowing the victim's age) was properly before the court and an argument that the sentencing court was bound to accept Pietz's testimony about recidivism and sentence him to probation.

### I.    Lack of Remorse

Barnum first urges that his statements about whether he knew the victim's age were not properly before the sentencing court and should not have been considered, in part because knowledge is not an element of the offense. In response, the State argues that the information was properly before the sentencing court either through the PSI or through the cross-

examination of Pietz. Based on our independent review of the record, we find this information was properly considered.

First, "[a] court has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). Here, Barnum objected to some portions of the PSI, but he did not object to the court considering admissions he made to the PSI writer, including that "he began talking sexual to the victim and learned at some point she was fifteen years old." We think this was a sufficient basis for the district court to consider Barnum's knowledge of the victim's age. *See State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000) ("[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on.").

And second, even if the PSI alone did not supply an adequate basis, Pietz's cross-examination put the information before the sentencing court in at least two respects. First, Pietz admitted she considered the minutes of testimony and was cross-examined about the very content Barnum complains of on appeal. Second, she testified that Barnum admitted to her twice that he knew the victim was fifteen rather than eighteen; she even cited this as a partial basis for her opinion that he had admitted his conduct rather than denying or minimizing it. Barnum cannot complain about the court considering information placed in the record through testimony of his own expert. *Cf. State v. Fetner*, 959 N.W.2d 129, 136 (Iowa 2021) (finding sentencing consideration proper when defense counsel placed the disputed fact at issue). Even in proceedings bound by the rules of evidence, it is well-established that calling an expert witness risks admission of facts relied on in

forming an opinion on cross-examination. Iowa R. Evid. 5.705; *cf. State v. Tensley*, 249 N.W.2d 659, 662 (Iowa 1977) ("We believe it would be unfair to permit the defense to elicit favorable aspects of the [defendant's] communications [to an expert witness] without permitting the prosecution an opportunity to elicit unfavorable aspects."). And here, we have little trouble concluding that calling an expert to testify that a defendant is remorseful opens the door to questions about the materials relied on to form that conclusion.

Last, we broadly observe that lack of remorse and failure to accept responsibility are proper, pertinent sentencing considerations. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022); *State v. Knight*, 701 N.W.2d 83, 87–88 (Iowa 2005). "It is not an abuse of the court's discretion to consider defendant's truth and veracity in determining the defendant's character and propensities and chances for rehabilitation." *State v. Bragg*, 388 N.W.2d 187, 192 (Iowa Ct. App. 1986). Nor is such a consideration limited to the elements of the offense. *See State v. Rasmussen*, 7 N.W.3d 357, 363–64 (Iowa 2024) (affirming consideration of defendant mocking the victim's injuries, despite the non-criminal nature of that speech). We discern no abuse of discretion or improper consideration.

## II.    Expert Testimony

We last tackle a recurring issue, which the defendant frames as his request we "adopt a rule that a sentencing court cannot contradict an unchallenged and unimpeached, reasonable forensic psychological opinion with its own foray into psychology." Although we might quibble some with the framing, we have rejected the core of this claim on multiple occasions before, nixing the notion "that a sentencing court is bound by a hired defense expert's re-offense assessment." *State v. Campie*, No. 24-0902, 2025

6

WL 1824640, at *3 (Iowa Ct. App. July 2, 2025); *see also State v. Van Fossen*, No. 24-2063, 2026 WL 44642, at *3 (Iowa Ct. App. Jan. 7, 2026) ("[W]e have previously held that a sentencing court need not accept recidivism-experts' opinions at face value."). Consistent with those decisions, we discern no abuse of discretion here.

As a matter of first principles, review of sentencing decisions is for an abuse of discretion, and we expect the district court to deploy its common sense and independent judgment to fashion a sentence appropriate for the individual offender and the specific offense at issue. *See, e.g.*, *Formaro*, 638 N.W.2d at 724; *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979); *see also* Iowa Code § 901.5. A rule that compels a court to adopt any party's expert testimony would rob the court of the very discretion we entrust to it.

Second, a district court at sentencing is like any other trier of fact— free to adopt all, some, or none of the evidence presented to it. *Cf. Crow v. Simpson*, 871 N.W.2d 98, 105 (Iowa 2015) ("[T]he jury is free to accept or reject any testimony, including uncontroverted expert testimony."). As the supreme court has long recognized, a "court as trier of fact . . . is not obliged to accept opinion evidence, even from experts, as conclusive." *State v. Farnum*, 397 N.W.2d 744, 750 (Iowa 1986) (cleaned up). And there is no reason to think this principle does not apply to a sentencing court.

Third, the rule proposed by Barnum plainly invites gamesmanship and sentencing-by-ambush. Unlike trial, there is no requirement under the rules of criminal procedure that either party disclose expected witnesses in advance of sentencing. Under Barnum's rule, either the State or the defense could bring a surprise witness to sentencing and bind the court if the other side lacked its own expert. This inevitable consequence is untenable and inconsistent with the pragmatic sentencing scheme set forth by the General

Assembly in chapter 901. It also rankles separation of powers, depriving the district court of a core judicial function.

In short, we hold again that sentencing courts are not bound to accept any testimony at face value, whether from an expert or lay witness, and whether rebutted or not. *E.g.*, *Campie,* 2025 WL 1824640, at \*3; *Van Fossen*, 2026 WL 44642, at \*3. The weight to be given such evidence, and the persuasive value it carries in any particular case, is a decision solely for the factfinder. We conclude the district court here did not abuse its discretion when it considered Pietz's testimony but nonetheless sentenced Barnum to prison based on other appropriate considerations.

**AFFIRMED.**