# IN THE COURT OF APPEALS OF IOWA

———————

No. 25-1314
Filed June 24, 2026

———————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Simplice Maggloire Nguepnang,**
Defendant–Appellant.

———————

Appeal from the Iowa District Court for Wapello County,
The Honorable Michael Carpenter, Judge.

———————

**AFFIRMED**

———————

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Tessa Register, Assistant Attorney
General, attorneys for appellee.

———————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

1

**SCHUMACHER, Presiding Judge.**

Simplice Nguepnang appeals his sentences following convictions for three counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(b)(2)(d) (2023). He asserts the district court committed an abuse of discretion by sentencing him to three consecutive ten-year terms of incarceration rather than probation. Upon our review, we affirm.

## I. Background Facts & Proceedings

In August 2023, the State charged Nguepnang with three counts of distributing controlled substances to minors, four counts of human trafficking, one count of second-degree sexual abuse, and three counts of third-degree sexual abuse. The charges were based on allegations that Nguepnang enticed three fourteen-year-old girls and one thirteen-year-old girl to have sex with him in exchange for drugs and alcohol. The case proceeded to jury trial in May 2025.

The district court dismissed the human trafficking counts by granting a judgment of acquittal. After submission of the remaining counts to the jury, Nguepnang was acquitted on the second-degree sexual abuse count as well as on the three counts of distributing controlled substances to minors. But the jury found Nguepnang guilty of three counts of third-degree sexual abuse, class "C" felonies.

The district court sentenced Nguepnang to an indeterminate term of incarceration of ten years on each count, to run consecutively. Nguepnang appeals.

## II.     Analysis

We review challenges to sentencing for abuse of discretion by the sentencing court. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* A district court's sentencing decision "is cloaked with a strong presumption in its favor." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020). This presumption can be overcome by "demonstrating the court relied on an improper [sentencing] factor." *Id.* at 106.

"The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community." *Id.* The court should consider multiple factors when imposing a sentence, including:

> The nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. Before imposing its sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing.

*Id.* (cleaned up).

Nguepnang asserts that the district court improperly focused on the nature of the offenses during sentencing, to the exclusion of other considerations such as his lack of criminal history, gainful employment, and low score on "risk of future victimization" from the presentence investigation report. He also argues the district court ignored the possibility of rehabilitation.

3

The district court stated the following, in part, at Nguepnang's sentencing hearing:

> Mr. Nguepnang, it's my duty under the law to review what's available to me in terms of community resources and appropriate rehabilitative plan for you while also considering that the public must be protected.
>
> In doing so, I look at the seriousness of the crime, the effect that the crime has had on members of the community, your willingness to accept change and treatment, if necessary, and what is available in the community to assist you in that process . . . .
>
> In coming to a sentence, there are some mitigating factors in your behavior . . . . [Y]ou don't have a criminal history to speak of . . . . [Y]ou do have a strong employment history.
>
> . . . .
>
> Your age is an aggravating factor. You're a grown man. The nature of the offenses are serious aggravating factors. The statements of the victims. The Court considers those and the damage that you've done to the victims.
>
> . . . .
>
> [T]his isn't something that just passively happened to you. You were encouraging, you were recruiting, asking them to bring friends. There's nothing in the evidence that I saw that indicates you would have stopped yourself from victimizing any fourteen-year-old that would have come your way.

Here, the district court considered rehabilitation and relevant mitigating and aggravating factors. It was appropriate for the sentencing court to determine that the nature of the offenses weighed heavily against any mitigating factors. *See State v. Farnum*, 397 N.W.2d 744, 749–51 (Iowa 1986) (affirming three consecutive sentences for second-degree sexual abuse for a defendant who gave marijuana to three victims and rejecting defendant's claim that the district court improperly weighed the nature of the offense

more than the need for rehabilitation); *see also State v. Hussain*, No. 23-1166, 2024 WL 2043155, at *3 (Iowa Ct. App. May 8, 2024) (affirming consecutive sentences for third-degree sexual abuse "based on the seriousness of [defendant's] offenses" and the impact on the victims).

We discern no abuse of discretion in the sentencing court's determination.

## III. Conclusion

For the reasons above, we affirm Nguepnang's sentences.

**AFFIRMED.**